L. F. HENLY v. D. M. HENNING.

WRITTEN INSTRUMENTS. *Evidence. Competency of party. Subscribing witness.* The general rule of the common law in respect to the proof of private writings, that where an instrument is attested by a subscribing witness such witness must be called to prove its execution, if he can be produced and is competent to be examined, is not relaxed by the recent legislation making parties to suits competent witnesses, and such parties are not competent to prove the execution of the writing. The subscribing witness must be called and examined.

Case cited: Harrel v. Ward, 2 Sneed, 612.

FROM LAUDERDALE.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

LYNN & OLDHAM for complainant.

MARLEY & STEELE for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Henning sued Henly in replevin, in the Circuit Court of Lauderdale county, for a lot of seed cotton, to which he claimed title by purchase from James V. Ruth, and relied upon a bill of sale for the cotton executed to him by Ruth, with G. W. D. Ruth as a subscribing witness. Henning was examined as a witness in his own behalf, and produced and proved the bill of sale from Ruth, without calling the subscribing witness or accounting for his absence. This testimony was admitted over the objection of the defendant, who

claimed the cotton by levy of an execution on it as the property of Ruth subsequent to the date of the bill of sale. Henning obtained a verdict and judgment, from which Henly appealed.

The only question in the case is, whether the court erred in allowing Henning to prove the bill of sale without calling or accounting for the subscribing witness.

The general rule of the common law in respect to the proof of private writings is, that where an instrument is attested by a subscribing witness, such witness must be called to prove its execution, if he can be produced and is competent to be examined. *Harrel* v. *Ward*, 2 Sneed, 612; Phil. on Ev., 464.

It is said, however, that the present case falls within one of the exceptions to this general principle, to-wit: that where the instrument is not directly in issue, but comes incidentally in question in the course of the trial, its execution may be proved by any competent evidence, without calling the subscribing witness. 1 Greenl., sec. 573 *b.*

But the bill of sale here is the foundation of the title of the plaintiff; it constitutes the evidence of his purchase of the cotton on which he relies for recovery. The parties did not choose to rely on a parol contract of sale and purchase, but reduced the same to writing and called a witness to attest its execution. The bill of sale is not, therefore, an instrument not coming directly in issue, but constitutes the evidence of title on which plaintiff relied on the trial. It is obvious that the case does not fall within the excep-

tion, but directly within the general rule. Nor is this general rule relaxed by the recent legislation making parties to suits competent witnesses. The plaintiff was a competent witness to prove any fact which any other witness might prove, but not to prove the execution of the bill of sale, which must be proved by the subscribing witness, or by other testimony only, when the testimony of the subscribing witness cannot be procured, after proper efforts to produce it.

The necessity of adhering to the rule is apparent in a case like the present, where the question was, whether the purchase of the cotton by the plaintiff was fair and *bona fide*. The defendant had a right to all the knowledge of the subscribing witness as to the transaction. It follows that the Circuit Judge erred in overruling the objection of defendant to the testimony of plaintiff as to the execution of the bill of sale, without accounting for his failure to produce the subscribing witness.

The judgment is reversed and a new trial awarded.